UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Gregory Rock House Ranch, et al. v. New Mexico State Engineer, et al. |
| Case Number: | 05-01215 |

## Document Information

| | |
|---|---|
| Description: | Order  Granting [5-1] Motion  To Remand this Case to the Fifth Judicial District Court for Eddy County, New Mexico by Glenn's Water Well Service, Clark A. Glenn . |
| Received on: | 2006-03-15 10:02:37.000 |
| Date Filed: | 2006-03-15 00:00:00.000 |
| Date Entered On Docket: | 2006-03-15 00:00:00.000 |

## Filer Information

| | |
|---|---|
| Submitted By: | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: GREGORY ROCK HOUSE RANCH, LLC,
    (Case No. 11-05-16120 MR)
and

MARJORIE PARRISH GREGORY,        Jointly Administered
    (Case No. 11-05-16255 MR)                 With and Captioned

and

DEBORAH LYN GREGORY,
    (Case No. 11-05-16261 SR)

and

DONALD WAYNE GREGORY,
    (Case No. 11-05-16301 MR)

and

**GREGORY RANCH, a Partnership**,        No. 11-05-15405 MR
                                                     Jointly Administered

    Debtor.

---

GREGORY ROCKHOUSE RANCH, LLC,
GREGORY RANCH, a partnership composed of
Norman Scott Gregory, Larry Gregory, and
Donald Wayne Gregory,

    Plaintiffs,

v.                                                                                              Adversary No. 05-1215 M

NEW MEXICO STATE ENGINEER, in the Matter
of the Application by Seven Rivers, Inc.

    Defendants.

**ORDER GRANTING MOTION TO REMAND**

THIS MATTER is before the Court on the Motion to Remand filed by Clark A. Glenn and Glenn's Water Well Service, Inc. (together, "Glenn"), by and through their attorney of record, Daniel J. Behles. The New Mexico State Engineer filed a response to the Motion to Remand, asserting that proper jurisdiction over this adversary proceeding lies with Judge Bonem as the designated water law judge for the Fifth Judicial District Court. Plaintiffs oppose the Motion to Remand, asserting that this adversary proceeding involves assets of the Debtor's bankruptcy estate and that in order to avoid further delay, this matter should be tried by the Bankruptcy Court. The Court held an evidentiary hearing on the Motion to Remand on February 13, 2006 and took the matter under advisement.

After reviewing the evidence and considering the arguments of counsel, and being otherwise sufficiently informed, the Court finds that the removed action is merely related to the bankruptcy proceeding, and, in accordance with the factors relevant to abstention under 28 U.S.C. § 1334(c), remand is appropriate. In reaching this determination, the Court FINDS:

1. Gregory Ranch filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 1, 2005. Gregory Rock House Ranch, LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 29, 2005, as Case No. 11-05-16120 MR. Gregory Ranch and Gregory Rock House Ranch, LLC are now under joint administration under the Gregory Ranch bankruptcy proceeding, Case No. 11-05-15405 MR. (*See* Docket # 34 filed in Case No. 11-05-16120 MR).

2. Prior to the commencement of the Bankruptcy Proceeding an action captioned <u>Gregory Rock House Ranch, LLC, et al. v. New Mexico State Engineer, et al.</u> was pending before the Fifth Judicial District Court, State of New Mexico, County of Eddy, as Cause No. CV 2005-62, Hearing No. 00-023-OSE, File No. RA-3200, et al. Into RA-5060-T ("State Court Action").

3. The purpose of the State Court Action is to determine whether the New Mexico State Engineer correctly approved an application by Seven Rivers, Inc. to permit a temporary change in location of well and place and purpose and use of 50.0 acre feet per year of artesian groundwater within the Roswell Underground Water Basin, which water rights were to be leased by Seven Rivers, Inc. to Glenn for a period of two years. Plaintiffs contend that the permit allowing the change in location of well and place, purpose, and use of certain water rights impairs their existing water rights. Plaintiffs protested the application filed by Seven Rivers, Inc. with the New Mexico State Engineer, and as part of that process the New Mexico State Engineer issued a ruling determining that the temporary change in location of well and place, purpose, and use would not impair Plaintiffs' water rights. Plaintiffs appealed that decision.

4. The matters raised in the State Court Action are matters involving state water law.

5. The New Mexico State Supreme Court has established a Water Court Division for each judicial district, designating and appointing a water law judge to be assigned cases involving water law arising in each respective district. (*See* Exhibit 1 attached to Exhibit A to the State Engineer's Response to Motion to Remand). Judge David Bonem is the judge *pro tempore* designated by the New Mexico Supreme Court for the Water Court Division of the Fifth Judicial District Court. *Id.*

6. As part of the State Court Action, the State Engineer filed a Motion to Assign Appeal to Water Law Judge. That motion was granted on April 5, 2005, and Judge David W. Bonem has been assigned to hear the appeal of the State Court Action. (*See* Exhibit B to the State Engineer's Response to Motion to Remand).

7. Plaintiffs removed the State Court Action to the Bankruptcy Court on September 28, 2005.

3

(*See* Notice of Removal - Docket # 1).

8. W.T. Martin, Jr., Plaintiffs' special counsel, who is experienced in the area of water law, testified that in his experience nearly every matter assigned to Judge Bonem is then referred to a special master, and that delays have been encountered in matters referred to the special master.

9. The State Court Action has not been referred by Judge Bonem to a special master as of the date of the filing of the bankruptcy proceeding.

10. Mr. Martin also testified that he believes an application to extend the two-year permit has been filed, but unless the application to extend is approved, the two-year permit which is the subject of the State Court Action will expire in December of 2006 or January of 2007.

11. Norman Scott Gregory testified, among other things, that Gregory Rock House Ranch, LLC and Gregory Ranch pump water from a well and from Rocky Arroyo and Indian Big Springs; that the water they obtain from their well is a small portion of the water they are entitled to because the well cannot produce all the water they are entitled to; that they have experienced historically that the water flow from Indian Big Spring and Rocky Arroyo has been decreasing for at least ten years; that Indian Big Spring dried up several times in 2004, and before 2004; that he believes part of the decrease in water flow is attributable to the diversion by Glenn; that he has hired experts to investigate the water situation; and that Gregory Rock House Ranch, LLC and Gregory Ranch intend to introduce this additional evidence and expert testimony as part of their appeal of the State Engineer's decision.

12. The subject of adversary proceeding number 05-1213 M, which is also a removed proceeding, is tort claims involving the same parties as those named in this adversary proceeding. Relief from the automatic stay has been granted in the bankruptcy proceeding to allow the appeal of the

underlying state court matter which has been removed to this court as adversary proceeding 05-1213 M to go forward before the New Mexico State Court of Appeals.

## DISCUSSION

Remand is governed by 28 U.S.C. § 1452(b), which provides, in relevant part:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452(b).

Because remand can be based on "any equitable ground" courts often apply the standards applicable to the abstention statute when considering whether remand is appropriate. *See, e.g., Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 775 (10th Cir. BAP 1997) (finding that if abstention is required under 28 U.S.C. § 1334(c)(2), a court should remand the matter to state court); *In re Premier Hotel Development Group,* 270 B.R. 243, 258 (Bankr.E.D.Tenn. 2001) ("'The presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provides ample equitable grounds for remand of the lawsuit to state court.'") (quoting *Roddam v. Metro Loans, Inc. (In re Roddam),* 193 B.R. 971, 981 (Bankr. N.D.Ala. 1996)( citation omitted)); *Ernst & Young, LLP v. Devan (In re Merry-go-Round Enterprises, Inc.),* 222 B.R. 254, 256 (D.Md. 1998) (noting that "[s]ome courts have conflated the concepts of abstention and remand . . . . virtually the same (if not identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of a remand under § 1452(b).").

Mandatory and permissive abstention is governed by 28 U.S.C. § 1334(c), which provides:

5

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
>
> 28 U.S.C. § 1334(c)(1) and (2).

Section 1334(c)(2) addresses situations where the court must abstain, and pertains only to non-core proceedings, whereas § 1334(c)(1) allows for permissive abstention from core matters when abstention best serves the interest of justice, judicial economy, or respect for state law. *See Premier Hotel,* 270 B.R. at 250 ("Mandatory abstention does not apply to core proceedings . . . "). Glenn asserts that this matter is subject to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) because it is a non-core proceeding involving matters of state law that could not have been brought in federal court absent the bankruptcy proceeding and which can be timely adjudicated by the water law judge to which the State Court Action has been assigned. Plaintiffs assert that this matter is a core proceeding because it involves property of the bankruptcy estate.

"Core" proceedings are proceedings which involve rights created by bankruptcy law, or which would only arise within a bankruptcy proceeding. *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy.") (citation omitted); 28 U.S.C. § 157(2)(A) - (O) (listing matters included within core proceedings). "Non core" proceedings do not invoke substantive rights created by bankruptcy

6

law, and can exist independent from the bankruptcy. *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987). The bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy in that they could conceivably have an effect on the bankruptcy estate. *Gardner,* 913 F.2d at 1518 ("the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.") (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984) ("[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.")).

By initiating the State Court Action, Plaintiffs seek a determination that the New Mexico State Engineer's ruling that the permit to change the location, place, purpose and use of certain water rights does not impair Plaintiffs' existing water rights was incorrect. The standard of review for an appeal of the State Engineer's decision is *de novo,* as established by statute and case law.[1] N.M.S.A. 1978 §

---

[1] The State Engineer asserted that pursuant to N.M.S.A. 1978 § 72-2-8(A) and (H), deference is accorded the decisions of the State Engineer. These statutes provide:

> A. The state engineer may adopt regulations and codes to implement and enforce any provision of any law administered by him and may issue orders necessary to implement his decisions and to aid him in the accomplishment of his duties. In order to accomplish its purpose, this provision is to be liberally construed.
>
> H. Any regulation, code or order issued by the state engineer is presumed to be in proper implementation of the provisions of the water laws administered by him.
>
> N.M.S.A. 1978 § 72-2-8(A) and (H) (Repl. Pamp. 1997).

The State Engineer also cited *State ex rel. Reynolds v. Aamodt,* 111 N.M. 4, 800 P.2d 1061 (1990) for the proposition that a reviewing court "must presume that the action of the state engineer is correct." *Aamodt,* 111 N.M. at 6 (quoting *State v. Myers,* 64 N.M. 186, 193, 326 P.2d 1075, 1080 (1958)).

7

72-7-1(E) (Repl. Pamp. 1997) ("The proceeding upon appeal shall be de novo . . ."). If this adversary proceeding is tried by this Court, the standard of review would likewise be a *de novo* review, although, in accordance with N.M.S.A. 1978 § 72-7-1(E), "[e]vidence taken in a hearing before the state engineer may be considered as original evidence subject to legal objection, the same as if the evidence was originally offered in the district court.").

Glenn asserts that Plaintiffs have not established that the diversion affects an asset of the bankruptcy estate because the under the current status of the proceeding, the only findings are those of State Engineer determining that the application did not have a material effect on the water rights of Plaintiffs. However, as discussed above, the appeal requires a *de novo* review, so that Plaintiffs will be allowed to introduce additional evidence on appeal that was not considered by the State Engineer. Thus the State Engineer's findings are not determinative of whether the State Court Action could conceivably have any effect on the bankruptcy estate. Even though the application to the State

---

*Aamodt* considered whether it was permissible for the state engineer to retroactively approve an application for extension of time to place water to beneficial use that was filed after the expiration of the last extension period. Thus, *Aamodt* did not specifically address whether the state engineer's factual findings issued in connection with a decision or order of the state engineer from which a party appeals should be given any deference on appeal. Even if the state engineer's findings are accorded some deference in accordance with N.M.S.A. 1978 § 72-2-8(H), N.M.S.A. 1978 § 72-7-1(E) specifically provides for a *de novo* review on appeal, and the substance of a *de novo* review requires that Plaintiffs will be allowed to present on appeal additional evidence that was not considered as part of the State Engineer's prior ruling. *See Application of the Carlsbad Irrigation District, Ft. Sumner Irrigation District v. Carlsbad Irrigation District,* 87 N.M. 149, 152, 530 P.2d 943, 946 (1974) (finding that under a *de novo* standard, the parties were allowed to offer any additional evidence, in addition to the evidence originally adduced at the hearing before the State Engineer, and that although the district court "could have and should have recited the substance of its judgment, rather than merely affirming the findings and decision of the Engineer," the district court did not deprive the appellant of a trial *de novo* by entering findings substantially similar to those entered by the Engineer.)

Engineer was submitted by Seven Rivers, Inc., an entity which is not a party to this adversary proceeding, if Plaintiffs were to prevail in their cause of action, such a ruling could have an effect on the bankruptcy estate because it relates to Plaintiffs' water rights which are property of the bankruptcy estate. For this reason, the Court finds that it has 'related to' jurisdiction over this adversary proceeding, which is a non-core proceeding.

Because the State Court Action is a non-core proceeding, mandatory abstention factors may be relevant to determining the propriety of remand.[2] Mandatory abstention under requires a showing of the following: 1) the motion to abstain was timely[3]; 2) the action is based on state law; 3) an action has been commenced in state court; 4) the action can be timely adjudicated in state court; 5) there is no independent basis for federal jurisdiction other than the bankruptcy; and 6) the matter is non-core. *See In re Midgard Corp.,* 204 B.R. 764, 776-778 (10th Cir. BAP 1997) (discussing each element enumerated in 28 U.S.C. § 1334(c)(2)); *Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 640 (E.D.Pa. 2005). Elements 2) and 3) are not in dispute, and the Court has determined above that this adversary proceeding is a non-core proceeding. Element 6) has therefore been established. In addition, because the State Court Action involves state water law, and does not involve out of state

---

[2] As discussed in *In re Midgard Corp.,* 204 B.R. 764, 774 - 775 (10th Cir. BAP 1997), there is some disagreement among courts as to whether abstention may apply to proceedings removed to bankruptcy court. The Tenth Circuit Bankruptcy Appellate Panel concluded that if abstention is required, a court may remand in accordance with 28 U.S.C. § 1452(b). *Id.* at 775. *See also, Allen v. J.K. Harris & Co., LLC,* 331 B.R. 634, 639 (E.D.Pa. 2005) (same).

[3] Glenn filed a Motion to Remand, not a motion for mandatory abstention, so the first element is not strictly applicable. Nevertheless, the Court notes that the Motion to Remand was filed less than three months after the notice of removal, and prior to the first Status Conference scheduled by the Court. For purposes of satisfying the mandatory abstention statute, the Motion to Remand was timely filed.

9

parties, there is no independent basis for federal jurisdiction. Element 5) has therefore been established.

The last element is whether the State Court Action can be timely adjudicated in state court. Glenns has the burden of proving that the State Court Action can be timely adjudicated. *Midgard,* 204 B.R. at 778 ("The burden of proving timely adjudication is on the party seeking abstention.") (citations omitted). Glenn presented evidence as to the present status of the State Court Action, but presented no evidence as to the estimated time frame for completion of the State Court Action. On the other hand, the evidence presented at the final hearing did not establish that remand will cause undue delay that might impair the administration of the bankruptcy case. *Cf. Midgard,* 204 B.R. at 779 (noting that timely adjudication "is only one of several factors to be considered . . . and does not, taken alone, focus on the larger concern of whether the administration of the bankruptcy case would be impaired by adjudication in State Court."). The testimony of Mr. Martin that he has experienced delays when matters have been referred to a special master, and that most matters assigned to Judge Bonem are referred to a special master does not show that this case cannot be timely adjudicated.

Although Glenn may not have fully satisfied the elements for mandatory abstention of this non-core proceeding, remand may nevertheless be appropriate under the standards for permissive abstention. "[A] federal district court or bankruptcy court may find that remand is appropriate in a case removed on bankruptcy grounds whether it is "core" or "non-core" if there is any equitable ground for doing so." *Broyles v. U.S. Gypsum Co.,* 266 B.R. 778, 785 (E.D.Tex. 2001) (citations omitted). *See also, In re Best Reception Systems, Inc.,* 220 B.R. 932, 952 (Bankr.E.D.Tenn. 1998) ("[P]ermissive abstention applies to both non-core related and core proceedings.") (citations omitted).

10

Permissive abstention from hearing a "related to" matter can be granted out of respect for state law. 28 U.S.C. § 1334(c)(1). It is undisputed that the State Court Action involves matters of state water law. The present posture of the State Court Action is that Plaintiffs have appealed a decision of the state engineer to the state district court. Out of respect for state law, the appellate process established by New Mexico statute for reconsideration of decisions by the state engineer, and the Water Court Structure established by the New Mexico Supreme Court for the purpose of adjudicating matters involving water law issues, the Court concludes that the principles of permissive abstention have been satisfied. This matter should be remanded to the Fifth Judicial District Court.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Remand is GRANTED. This matter is hereby remanded to the Fifth Judicial District Court, State of New Mexico, County of Dona Ana.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Jennie Behles
Attorney for Plaintiff Gregory Ranch
PO Box 7070
Albuquerque, NM 87194-7070

Jonathan Sperber
Special Asst. Atty General, New Mexico State Engineer
PO Box 25102
Santa Fe, NM 87504-5102

Daniel J. Behles
Attorney for Clark A. Glenn and Glenn's Water Well Service
226-A Cynthia Loop NW
Albuquerque, NM 87114-1100

_____
Patti G. Hennessy (505) 348-2525

11